IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson, </br></br>    Plaintiff, </br></br>    v. </br></br>JOHN VANHOOSE, Individually and d/b/a O'Riley's Pub, </br></br>    Defendant.* | 2:11-cv-00798-GEB-DAD </br></br>ORDER RE: SETTLEMENT AND DISPOSITION |

       Plaintiff filed a "Notice of Settlement" on January 17, 2012, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 25.)

       Therefore, a dispositional document shall be filed no later than February 27, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

       Further, the Status Conference scheduled for hearing on February 13, 2012, is continued to March 26, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action

---

    * The caption has been amended in accordance with Plaintiff's Request Re Dismissal of Jamie Bianca without prejudice under Federal Rule of Civil Procedure 41(a)(2). (ECF No. 20.)

1

1 is not otherwise dismissed.[1] A joint status report shall be filed
2 fourteen (14) days prior to the Status Conference.
3     IT IS SO ORDERED.
4 Dated: January 17, 2012

                          */s/ Garland E. Burrell, Jr.*
                          GARLAND E. BURRELL, JR.
                          United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2